IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| David Earle Case, | ) | C/A No. 1:18-2010-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden M. Stephon, Ms. Macon, | ) | |
| Ms. Livingston, and Ms. Robert, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, David Earle Case, a pro se state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights have been violated by Defendants. (ECF No. 1). On April 3, 2019, Defendants filed a motion for summary judgment. (ECF No. 33). The magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and that he needed to file a response by May 6, 2019. (ECF No. 34). The court also specifically advised Plaintiff that if he failed to respond to the summary judgment motion, the motion may be granted. *Id.* However, Plaintiff did not respond to Defendants' motion. Therefore, on May 9, 2019, the magistrate judge ordered Plaintiff to advise the court whether he wished to continue litigating this case by May 23, 2019. (ECF No. 36). She further advised Plaintiff that if he failed to respond, she would recommend that the action be dismissed for failure to prosecute. *Id.* at 2  Plaintiff did not filed a response. Accordingly, on June 3, 2019, the magistrate judge filed a Report and Recommendation ("Report") recommending that the court dismiss this action without prejudice for failure to prosecute. (ECF No. 38). On June 13, 2019, Plaintiff filed a response to the Report in which he states a general objection to the Report. *Id.* at 2. However, he also states that "because of threats of violence against [him] by staff and inmates of SCDC, for [his] own safety, he "will not pursue this matter any further." *Id.*

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of specific objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Reviewing Plaintiff's objections, while he generally objects to the Report and states that he rejects the Report, he also states that he does not want continue to litigate this action. (ECF No. 40 at 2). Therefore, it appears that Plaintiff wishes to dismiss this action. Based on the foregoing, the court adopts the Report (ECF No. 38), and this case is **DISMISSED without prejudice.**

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

June 27, 2019
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.